UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE PERKINS, #249158,

        Plaintiff,

v.                                        CASE NO. 2:11-CV-10267
                                           HONORABLE NANCY G. EDMUNDS

RN LORA LNU, et al.,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

        Antoine Perkins ("Plaintiff"), a Michigan prisoner currently confined at the Ojibway Correctional Facility in Marenisco, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging a denial/delay of medical care while he was confined in temporary segregation at a correctional facility in Jackson, Michigan. He names two nurses, Lora and Rob, whose last names are unknown, as the defendants in this action and sues them in their official capacities. He requests a ruling that his constitutional rights have been violated and seeks monetary damages. The Court has granted Plaintiff's application to proceed without prepayment of the costs and fees for this action. Having reviewed the complaint, the Court finds that it is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A on the basis of immunity.

**II.    Factual Allegations**

        In his complaint, Plaintiff alleges that on June 25, 2009, between 6:45 and 7:15 a.m. and again at noon, he informed the defendant nurses that he was having an asthma attack, that he had

1

not received his asthma medication that day, and that he needed treatment.  Nurse Lora advised him that she was passing out medications and could not help him at that time, but that she would check on his medications when she returned to the health care clinic.  Nurse Rob advised him that he was passing out medications, that he did not know what was going on, and that there was nothing he could do since Nurse Lora was checking into it.  Shortly after 4:00 p.m., Plaintiff was taken to the health care clinic, given asthma treatments by other medical personnel, and then transported to the hospital for further care.  Plaintiff claims that the defendant nurses, Lora and Rob, were deliberately indifferent to his medical needs.  Plaintiff states that he has exhausted his administrative remedies and attaches grievances with responses to his complaint.

## III.    Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United

States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A *pro se* civil rights complaint is construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's complaint is subject to dismissal because he sues the defendant nurses in their official capacities for monetary damages.  The Eleventh Amendment provides a state and its agencies with sovereign immunity from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment.  *See Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987).  Because Congress did not abrogate the Eleventh Amendment

when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989).  Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).  State officials sued in their official capacities are also immune from suit for monetary damages.  *Thiokol Corp.*, 987 F.2d at 381.  The State of Michigan has not consented to being sued in civil rights actions in federal court.  *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Plaintiff's complaint, which seeks monetary damages from the defendants in their official capacities, must therefore be dismissed.[1]

## IV.   Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, that the defendants, who are only sued in their official capacities, are entitled to Eleventh Amendment immunity.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint.[2]  The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith.

---

[1] Plaintiff does not seek injunctive or other prospective relief.  Moreover, such relief against the named defendants is unavailable given that plaintiff has been transferred to another facility.

[2] This dismissal is without prejudice to the filing of a complaint against the defendants in their individual capacities.  The Court notes that Plaintiff cannot amend his complaint to avoid summary dismissal.  *See Clayton v. United States Dep't of Justice*, 136 F. App'x 840, 842 (6th Cir. 2005); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

4

*See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 26, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager